IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

|  |  |
|---|---|
| JAMES GRAY,<br><br>                    Plaintiff,<br><br>v.<br><br>OFFICER GRAY,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:12-CV-1204<br><br>Judge Clark Waddoups |

This case is before the court on Defendant's Motion to Dismiss (Dkt. No. 14). Plaintiff filed a letter in response that was, in substance, in the nature of an Opposition (Dkt. No. 18). The case arises from a pat down of Plaintiff, an inmate the Utah State Prison, by Officer Gray, a correctional officer in the prison. During the pat down search, Officer Gray allegedly touched Plaintiff's genitalia and allegedly made the comment, "You have more than one leg," as he transitioned from the prisoner's right leg to his left leg in the pat down. (*See* Letter Response to Mot. Dismiss 1 [Dkt. No. 18].) The incident was reported within the prison and was investigated at both a Level II response and a Level III response with the outcome, at the latter, that the Hearing Officer found that the search had been conducted within the parameters of Officer Gray's training. (Def.'s Mot. Dismiss 2-3 [Dkt. No. 14].)

On a Motion to Dismiss, the court evaluates whether the Complaint, when its factual allegations are taken as true, raises a plausible inference that a plaintiff would be entitled to relief if those allegations could be supported by evidence at trial. That is, the court must "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be

granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). The factual allegations in a complaint, therefore, "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]he complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A]llegations are conclusory and not entitled to be assumed true" if they are "bald assertions" which "amount to nothing more than a 'formulaic recitation of the elements' of a claim. *Id.* at 681 (quoting *Twombly*, 550 U.S. at 554-555).

Here, Defendant has asserted qualified immunity in response to the allegations of Plaintiff's Complaint. It is well established that qualified immunity shields government officials who perform discretionary functions from § 1983 damages suits where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" at the time of the violation. *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006). Qualified immunity, once asserted, creates a rebuttable presumption of immunity from a § 1983 suit. *Medina v. Cram*, 252 F.3d 1124, 1129 (10th Cir. 2001). Qualified immunity may be denied "only if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that the actions were constitutional." *Gomes*, 451 F.3d at 1134.

In response to Defendant's invocation of qualified immunity, Plaintiff has not met the heavy burden of proving (1) that the facts alleged are sufficient to constitute a violation of a constitutional right, and (2) that a reasonable municipal official would have known they were violating such a constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 233 (2009). The court is persuaded by Defendant's argument that a one-time touch of the genital area during a pat down

search does not constitute an Eighth Amendment violation because the alleged conduct is not "objectively, sufficiently serious." (*See* Def.'s Mot. Dismiss 6 [Dkt. No. 14].) Taking the allegations of the Complaint as true, the most the court can find—which it does—is that Officer Gray's alleged behavior is unprofessional and unbecoming of an officer charged with representing the people of the State of Utah in the state's prisons.

The court's disapproval of Officer Gray's uncouth conduct (taking the allegations as true, as it must at this stage) does not and cannot, however, provide a basis for a finding that Plaintiff has passed the plausibility threshold required by *Twombly* and *Iqbal*, particularly in the face of the rebuttable presumption resulting from Defendant's qualified immunity defense. Plaintiff has failed to allege facts that show an "objectively, sufficiently serious" interaction that rises to the level of an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834; *see also Lobozzo v. Colo. Dept. of Corr.*, 429 F. App'x 707, 710-11 (10th Cir. July 8, 2011); *Barney v. Pulsipher*, 143 F.3d 1299, 1310-12 (10th Cir. 1998), *superseded by statute* in *Smith v. Bd. of County Comm'rs*, No. 01-4018-SAC, 2002 U.S. Dist. LEXIS 25076 (D. Kan. Nov. 5, 2002). It is true that "severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation." *Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir. 1997). When a prisoner, however, alleges a single instance or small number of incidents of feeling verbally harassed or touching of his genitalia during a pat down, this is not "objectively, sufficiently serious" to constitute an Eighth Amendment violation. *Id.*; *accord Boxer X v. Harris*, 450 F.3d 1114, 1117 (11th Cir. 2006). This is particularly the case where, as here, no culpable state of mind can plausibly be inferred from the facts alleged. *See Lobozzo*, 429 F. App'x at 710 ("The prisoner must show 'the alleged injury or deprivation [is] sufficiently serious' and 'the prison official must have a sufficiently culpable state of mind to

violate the constitutional standard.'").

       With regard to Plaintiff's allegation about having been moved to a more dangerous area in the prison after bringing his grievance (*see* Dkt. No. 18), to the extent this can be construed as a retaliation claim, that must also fail as a matter of law under these circumstances because of the prison's retained executive discretion as to the placement of its prisoners. Furthermore, there is no indication from the allegations as pled in the Complaint that Plaintiff has exhausted his administrative remedies on this issue. *Adams v. Jones*, No. 14-6059, 2014 U.S. App. LEXIS 16306 (10th Cir. Aug. 25, 2014); *Burnett v. Leatherwood*, No. CIV-10-769-M, 2013 U.S. Dist. LEXIS 56364 (W.D. Okla. April 19, 2013).

       As a result, Plaintiff also cannot rebut the presumption that qualified immunity shields Officer Gray's alleged conduct from liability under § 1983. Accordingly, the court GRANTS Defendants' Motion to Dismiss (Dkt. No.14) because Plaintiff's suit is barred by qualified immunity. Plaintiff's Motion to Appoint Counsel (Dkt. No. 16) is therefore also TERMINATED as moot.

       SO ORDERED this 22nd day of September, 2014.

                BY THE COURT:

                Clark Waddoups
                United States District Court Judge